UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERT MAHAN, Plaintiff, v. SETON MEDICAL CENTER-COASTSIDE, Defendant. | Case No. 18-cv-03881-MEJ<br>**ORDER RE: MOTION TO DISMISS, MOTION TO STRIKE**<br>Re: Dkt. Nos. 9, 10 |
|---|---|

Plaintiff Robert Mahan is a 41-year old Filipino male who worked for Defendant Seton Medical Center/Coastside as a registered nurse. Compl. ¶ 3, attached as Ex. A to the Decl. of Elina Tilman, Dkt. No. 1-1. Plaintiff's Complaint alleges seven causes of action: Discrimination, Retaliation, Harassment, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Failure to Prevent Discrimination, and Fraud and Deceit. Seton moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike pursuant to Rule 12(f). Dkt. Nos. 9 (Mot. to Dismiss), 10 (Mot. to Strike).

As to Seton's Motion to Dismiss, Plaintiff filed a Notice of Intent to File Amended Complaint in lieu of filing an opposition. Dkt. No. 13. Under Rule 15, a party may amend its pleading once "as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). As he has not previously amended his complaint, Plaintiff could file an amended complaint as a matter of course under Rule 15. Given Plaintiff's Notice of Intent, and there appearing to be no prejudice to Defendants at this early stage in the case, the Court shall permit him the opportunity to file his amended complaint by August 16, 2018. Accordingly, Seton's Motion to Dismiss is DENIED WITHOUT PREJUDICE to filing a renewed motion after Plaintiff files his amended complaint.

As to Seton's Motion to Strike, Seton argues Plaintiff's allegation that he was retaliated,

harassed, and discriminated against as a result of his age, national origin, and race, should be stricken as immaterial because he pleads no facts to support these theories. Mot. at 3. However, because Plaintiff has indicated he intends to file an amended complaint, it is not clear that these allegations should be stricken. Still, a review of his current Complaint does show that his allegations consist largely of formulaic recitation of the elements of his claims with little to no factual allegations in support. In filing his amended complaint, Plaintiff should be mindful that he must provide Defendants with "fair notice" of the claims against them and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted). A court may dismiss a complaint when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted). [1]

Accordingly, the Court DENIES Seton's Motion to Strike WITHOUT PREJUDICE to filing a renewed motion after Plaintiff files his amended complaint.

**IT IS SO ORDERED.**

Dated: July 26, 2018

MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] In his Opposition to Seton's Motion to Strike, Plaintiff cites cases that were decided prior to *Twombly* and *Iqbal*. He should be mindful of the revised pleading standard.

2